**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| LEONARD ROLLINS; ANTHONY SMITH; RASHAD PEARSON; JARLIN DIAZ-LERMA; ALEXANDER WATKINS SR.; and REGINALD WRIGHT, on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　　　vs.<br><br>TRAYLOR BROS., INC., and TRAYLOR/FRONTIER-KEMPER JV,<br><br>　　　　　Defendants. | NO.  2:14-cv-1414<br><br>**CLASS ACTION COMPLAINT AND JURY DEMAND** |

COME NOW the Plaintiffs and complain of Defendants as follows:

### I. INTRODUCTION

Plaintiffs and other individuals with dark skin, of African American descent or appearing African American (hereinafter, "African American Workers"), were hired by Defendants to perform work at the University of Washington Sound Transit Link Light Rail construction project.  Defendants' routinely failed to follow their own progressive discipline policies, claiming that they could assess African American Workers by just talking with them and looking at them.  Defendants wrongly scrutinized African American Workers, treated them more harshly, failed to provide them with meaningful work or training, and wrongly dismissed African Americans Workers because of or motivated by race and/or the color of their skin.

**CLASS ACTION COMPLAINT AND JURY
DEMAND - 2:14-cv-1414 - 1**

Teller & Associates, PLLC
1139 34th Ave, Suite B
Seattle, WA  98122
(206) 324-8969   Fax: 860-3172

## II.  PARTIES, JURISDICTION, AND VENUE

1. Plaintiffs are African American Workers (see above definition) who were employed by Defendants at the University of Washington Sound Transit Link Light Rail construction project (the "UW Light-Rail Project") at all times material to this lawsuit.

2. Defendant Traylor Bros., Inc. ("Traylor") is a corporation with its headquarters in Evansville, Indiana.  At all times material to this lawsuit, and until the year 2013, Traylor did business on the UW Light-Rail Project in King County, Washington, including as part of a joint venture with Frontier-Kemper Constructors, Inc.

3. Defendant Traylor/Frontier-Kemper JV (the "Joint Venture") conducted business on the UW Light-Rail Project in King County, Washington.

4. Traylor was the lead partner of the Joint Venture, retaining control over the terms and conditions of employment, including the authority to discipline, hire and fire Joint Venture employees, while providing management, human resources, payroll, and administrative staff for the day-to-day operation of the Joint Venture and the UW Light-Rail Project.

5. The above-named Defendants were employers and/or joint-employers of Plaintiffs and other African American Workers employed to work for Defendants at the UW Light-Rail Project at all times material to this lawsuit.

6. All of the acts and omissions alleged herein took place in King County, Washington.

7. Federal jurisdiction is based on the existence of a federal question, pursuant to 28 U.S.C. § 1331.

8. Plaintiffs and other class members have filed charges with the Equal Employment Opportunity Commission (the "EEOC") and exhausted their Title VII administrative remedies,[1] including but not limited to notice contained in their charges of discrimination that there had

---

[1] As of the date of this pleading, Plaintiffs Smith and Rollins have submitted requests to the EEOC for notices of the right to sue under Title VII on their individual behalf, and reserve the right to amend this pleading when the EEOC issues this notice, but do not yet assert Title VII claims.  Pearson and other class members do assert such claims at this time.

**CLASS ACTION COMPLAINT AND JURY**
**DEMAND - 2:14-cv-1414 - 2**

**Teller & Associates, PLLC**
1139 34th Ave, Suite B
Seattle, WA  98122
(206) 324-8969   Fax: 860-3172

been actionable discrimination against other class members.

### III.  FACTUAL ALLEGATIONS

9. Plaintiff Leonard Rollins was hired on or about June 9, 2011, and dismissed by Defendants on or about June 17, 2011.

10. Plaintiff Anthony Smith was hired on or about June 3, 2011, and dismissed by Defendants on or about July 8, 2011.

11. Plaintiff Rashad Pearson was hired on or about December 17, 2010, and dismissed by Defendants on or about December 30, 2010.

12. Plaintiff Jarlin Diaz-Lerma was hired on or about September 19, 2011, and dismissed that same day.

13. Plaintiff Alexander Watkins Sr. was hired on or about July 28, 2011, and dismissed that same day; Mr. Watkins Sr. was again hired on or about February 2, 2012, and was dismissed a week later, on or about February 9, 2012.

14. Plaintiff Reginald Wright was hired on or about November 8, 2010, and dismissed on or about December 8, 2010.

15. Other African American Workers were similarly hired around the same time frame as Plaintiffs, and thereafter, to work for Defendants at the UW Light-Rail Project.

16. Mr. John Hook and Mr. Burt Dore worked as Site Superintendents on the UW Light-Rail Project and supervised Plaintiffs and other African American Workers.

17. The Superintendents were responsible for managing the construction workforce, including Plaintiffs and other African American Workers.

18. The Superintendents had control over hiring, firing, and other terms and conditions of employment of Plaintiffs and other similarly situated workers.

19. Superintendent Hook maintained a visible tattoo in the shape of a swastika on his hand.

20. When communicating his decision to terminate Mr. Pearson's employment, Mr. Hook explained his decision stating with words to the effect: "we have greater public scrutiny on the day shift and don't need blacks on the night shift."

21. Superintendent Hook made a racist remark regarding an experienced African American crane operator, stating words to the effect: "I'm not having no nigger down here running a crane."

22. In December of 2010, after Defendants had hired African American Workers, Superintendent Dore began scrutinizing them closely, performing unstructured and subjective interrogations of Plaintiffs and other African American Workers.

23. All African American Workers interrogated by Superintendent Dore were hired by Defendants.

24. During and after these interrogations, Superintendent Dore expressed subjective beliefs based on his personal observations that African American Workers were not qualified, despite the fact that these African American Workers had previous and relevant experience to perform the jobs for which they were hired.

25. During these interrogations, Superintendent Dore asked African American Workers unduly critical, demeaning and inappropriate questions, some of which were unrelated to the actual work to be performed, at other times he used unfamiliar terminology.

26. Superintendent Dore disrespectfully expressed disbelief when African American Workers described their qualifications to work and failed to acknowledge the experiences and qualifications of African American Workers.

27. Superintendent Dore's practice of subjectively evaluating and dismissing workers was inconsistent with the common practices of other Puget Sound tunneling contractors.

28. Defendants did not utilize any objective criteria, such as written and/or practical exams, to test and fairly evaluate the skills and experiences of the individuals hired to work at

CLASS ACTION COMPLAINT AND JURY
DEMAND - 2:14-cv-1414 - 4

Teller & Associates, PLLC
1139 34th Ave, Suite B
Seattle, WA  98122
(206) 324-8969   Fax: 860-3172

the UW Light-Rail Project.

29. Defendants failed to use standard or consistent questions when interrogating African American Workers.

30. Defendants failed to track or record the questions Superintendent Dore asked African American Workers, and Superintendent Dore failed to track or record the complete responses of those interrogated.

31. During employee orientation, Defendants issued an employee handbook that contained promises of progressive discipline.

32. Plaintiffs and other African American Workers read the handbook and signed an acknowledgment stating that they had received and read the employee handbook.

33. While employed by Defendants, Plaintiffs and other African American Workers relied on Defendants' promise of fair treatment and commitment to workers' success, including progressive discipline, in refraining from seeking employment with other tunneling projects.

34. Defendants treated Plaintiffs and other African American Workers more harshly on the job than non-African American employees.

35. For example, management unfairly criticized Plaintiffs and other African American Workers if perceived to be in the wrong place or standing around, but management did not similarly perceive, scrutinize or criticize Caucasian workers, or light skinned workers (hereinafter "Caucasian Workers") for the same behavior.

36. In contrast to similarly situated Caucasian Workers, Defendants did not provide Plaintiffs and other African American Workers with training or an opportunity to learn and work on more challenging projects.

37. Defendants also did not allow Plaintiffs and other African American Workers the opportunity to earn a substantially greater income through overtime work, while allowing Caucasian Workers to work more overtime more frequently.

CLASS ACTION COMPLAINT AND JURY
DEMAND - 2:14-cv-1414 - 5

Teller & Associates, PLLC
1139 34th Ave, Suite B
Seattle, WA 98122
(206) 324-8969  Fax: 860-3172

38. Superintendents Hook and Dore both expressed their subjective beliefs, to the effect, that they could determine by talking with or "looking at a person that they won't be able to handle the task" and made discipline and dismissal decisions based on their subjective and biased beliefs.

39. Defendants' supervisors and management expressed offensive and stereotyped beliefs about African American Workers, by way of example, suggesting they were "dirty," "slow," they failed to "pull their own weight," they had a "lack of urgency," they were not "self-starter[s]", and other stereotypical beliefs, such as African American Workers were "unable to grasp fundamentals for a task."

40. On occasion, Caucasian Workers referred to African American men as "boys" stating that they would "be better off shoveling" and management spoke to African American Workers in a demeaning and dismissive manner.

41. One African American Worker reported that Defendants' management did everything "short of using the 'n' word" to disrespect and demean him because of his race.

42. Defendants unfairly required Plaintiffs and other African American Workers to perform menial tasks, instead of tasks for which they were hired to perform, including but not limited to, picking up paper, cigarette butts and trash.

43. Defendants failed to maintain any process for coaching and counseling employees in advance of a decision to discipline or dismiss, in violation of Defendants' own stated progressive discipline policies.

44. Defendants failed to contemporaneously document issues related to employee performance, in violation of Defendants own stated progressive discipline policies.

45. By way of comparison with other protected classes, Defendants maintained a practice or policy of discriminating against women.

46. For example, Superintendent Dore stated that "women are not allowed in the

CLASS ACTION COMPLAINT AND JURY
DEMAND - 2:14-cv-1414 - 6

Teller & Associates, PLLC
1139 34th Ave, Suite B
Seattle, WA  98122
(206) 324-8969   Fax: 860-3172

tunnel."

47. Sound Transit hired Nayak Polissar, PhD and Moni Neradilek, MS (the "Statisticians"), to perform a statistical analysis of Defendants' employment practices with African American Workers.

48. The Statisticians found statistically significant differences, greater than three standard deviations, between African American Workers and Caucasian Workers, where African American Workers were dismissed significantly sooner and worked significantly fewer hours than Caucasian Workers.

49. Defendants provided training to Caucasian Workers enabling them to continue working on-site when tasks were completed.

50. Defendants failed to assign or partner African American Workers in the same manner as Caucasian Workers were assigned or partnered, resulting in worse treatment and/or fewer opportunities.

51. Defendants retained similarly-situated Caucasian Workers while dismissing Plaintiffs and other African American Workers.

52. Plaintiffs and other African American Workers did not receive any formal discipline or warning before being dismissed.

53. Non-African American workers who performed similar jobs with similar skill levels were not dismissed and were given training opportunities.

54. A pattern and practice of discrimination existed against African Americans and/or people of color by Defendants.

55. Plaintiffs and other African American Workers were treated differently and worse than non-African American workers by Defendants because of or motivated by race and/or the color of their skin.

56. Defendants failed to take adequate measures to prevent and stop unfair treatment of

CLASS ACTION COMPLAINT AND JURY
DEMAND - 2:14-cv-1414 - 7

Teller & Associates, PLLC
1139 34th Ave, Suite B
Seattle, WA  98122
(206) 324-8969   Fax: 860-3172

African American Workers when Sound Transit placed Defendants on notice that its practices were having a disparate impact on African American Workers.

57.     Defendants failed to take any action to remedy complaints of race and/or skin-color discrimination when such complaints were brought to management's attention.

58.     Defendants acted knowingly, intentionally and with reckless disregard for and callous indifference to Plaintiffs' and other African American Workers' protected civil rights.

59.     Defendants are jointly and severally liable for the actions of their agents, employees and managers under the doctrine of Respondeat Superior.

### IV.  CLASS ACTION ALLEGATIONS:<br>PATTERN & PRACTICE, DISPARATE IMPACT CLAIMS

60.     Plaintiffs allege pattern and practice and disparate impact claims on behalf of a class of individuals consisting of all individuals with dark skin, of African American descent or appearing African American, who were hired by Defendants to perform work at the UW Light-Rail Project and (a) dismissed shortly after being hired, (b) after working only a few shifts, and/or (c) otherwise treated unfairly while performing on the worksite.

61.     Plaintiffs bring this action on behalf of themselves and all other persons similarly situated pursuant to Civil Rule 23(b)(1), or alternatively, Civil Rule 23(b)(3).

62.     Plaintiffs estimate that the class they seek to represent is composed of at least 20 to 30 individuals, and possibly more, such that joinder of all members of the class as defined herein is impractical.

63.     There are questions of law and fact common to Plaintiffs and all other African American Workers, including Plaintiffs' claims of disparate impact and disparate treatment, and elements of those claims.

64.     Plaintiffs are adequate representatives and typical of other African American Workers because Plaintiffs and other class members sustained similar damages arising from

Defendants' wrongful and illegal conduct and Plaintiffs seek punitive damages on behalf of themselves and for similarly situated class members.

65. Plaintiffs will fairly and adequately represent and protect the interests of other African American Workers and Plaintiffs do not have interests that are antagonistic to, or in conflict with, those of the members of the class that Plaintiffs seek to represent.

66. Plaintiffs have retained counsel that is experienced and competent in pattern and practice employment discrimination litigation.

67. Prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual African American Workers that would establish incompatible standards of conduct, or, as a practical matter, would be dispositive of the interests of the other African American Workers not parties to the individual adjudications, or would substantially impair or impede their ability to protect their interests.

68. Common questions of law and fact predominate over any questions affecting only individual African American Workers; a class action is superior to other available methods for the fair and efficient adjudication of such claims.

69. Plaintiffs have a dedicated interest in the prosecution of a class action with little, if any, interest in individually controlling the prosecution of separate actions; Plaintiffs are not presently aware of any other active litigation regarding disparate impact or pattern and practice claims against Defendants; the Western District of Washington in Seattle is the central nexus giving rise to Plaintiffs' class claims; and the expected class does not appear to present any difficulties in managing a class action.

70. Plaintiffs and other African American Workers have been commonly damaged and are entitled to recovery as a result of Defendants' common, uniform, and unfair discriminatory personnel practices, including, but not limited to, the application of punitive damages.

CLASS ACTION COMPLAINT AND JURY
DEMAND - 2:14-cv-1414 - 9

Teller & Associates, PLLC
1139 34th Ave, Suite B
Seattle, WA  98122
(206) 324-8969   Fax: 860-3172

## V.  CAUSES OF ACTION

Plaintiffs reallege and incorporate the allegations above to each of the following:

1. **Race Discrimination in Violation of State and Federal Law.**  Defendants created and maintained a pattern and practice of disparate treatment of Plaintiffs and other African American Workers, including but not limited to, a failure to assign meaningful work, a failure to provide overtime opportunities, a failure to provide training, the use of disrespectful, offensive and racially insensitive language, dismissal and a failure to provide gainful employment, because of or motivated by race, in violation of (a) Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended, (b) Title VII of the Civil Rights Act of 1964, as amended, and (c) the Washington Law Against Discrimination, RCW Chapter 49.60.  As a proximate result of Defendants' unlawful discrimination, Plaintiffs and other African American Workers have been damaged in amounts to be proven at trial.

2. **Disparate Impact in Violation of State and Federal Law.**  Defendants knowingly, intentionally and systemically failed to use unbiased and objective measures to fairly evaluate and document the skills and abilities of employees.  Defendants failed to implement and follow their own progressive discipline policies.  Instead, Defendants maintained a pattern and practice of relying on the biased, subjective and inconsistent determinations of individual decision makers, creating a disparate impact on Plaintiffs and other African American Workers, in violation of (a) Title VII of the Civil Rights Act of 1964, as amended, and (b) the Washington Law Against Discrimination, RCW Chapter 49.60.  As a proximate result of Defendants' unlawful discrimination, Plaintiffs and other African American Workers have been damaged in amounts to be proven at trial.

3. **Other Claims.**  Plaintiffs reserve the right to conduct discovery into alternative claims and additional defendants and to amend these charges as necessary.

CLASS ACTION COMPLAINT AND JURY
DEMAND - 2:14-cv-1414 - 10

Teller & Associates, PLLC
1139 34th Ave, Suite B
Seattle, WA  98122
(206) 324-8969   Fax: 860-3172

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief and damages as appropriate to compensate for such injuries and to put an end to Defendants pattern and practice of illegal race discrimination, as described above, under law as appropriate, including:

1. Lost past wages and the value of benefits;

2. Unpaid wages;

3. "Front pay" and benefits through the time of trial and for a reasonable period into the future;

4. Compensation for impaired future earning capacity;

5. Exemplary and punitive damages in an amount commensurate with Defendants ability to pay and to deter future discriminatory conduct;

6. Pre-judgment and post-judgment interest, as provided by law;

7. Damages for humiliation, loss of enjoyment of life, pain and suffering, personal indignity, embarrassment, fear, sadness, anger, anxiety, anguish and other forms of emotional distress they have experienced, in amounts to be proven at trial;

8. Certification of the case as a class action on behalf of other African American Workers for purposes of common class relief;

9. Designation of Plaintiffs as representatives of other African American Workers;

10. Designation of Plaintiffs' counsel of record as counsel for other African American Workers;

11. All other actual damages pursuant to Chapter 49.60 RCW, 42 U.S.C. § 1981, 42 U.S.C. § 2000e-5, and other applicable law;

12. That the court award attorneys' fees and actual costs; and

13. For such other and further relief as this court deems just and equitable.

### VII.  JURY DEMAND

Plaintiffs hereby demand a jury of 12 on all issues so triable.

DATED this 13th day of September, 2014.

By:   /s/Gregory A. Hitzel
By:   /s/ Stephen Teller
Stephen Teller, WSBA #23372
Gregory A Hitzel, WSBA #39348
Teller & Associates, PLLC
Attorney for Plaintiffs