THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEONARD ROLLINS, et al.,<br><br>                    Plaintiffs,<br><br>          v.<br><br>TRAYLOR BROS INC, et al.,<br><br>                    Defendants. | CASE NO. C14-1414 JCC<br><br>ORDER GRANTING MOTION FOR RECONSIDERATION AND DECERTIFYING CLASS |

This matter comes before the Court on Defendants' motion for reconsideration (Dkt. No. 72). Having thoroughly considered the parties' briefing, their oral argument on April 19, 2016, and the relevant record, the Court hereby GRANTS the motion and DECERTIFIES the class for the reasons explained herein.

I. **BACKGROUND**

The Court previously certified the class in this matter under Fed. R. Civ. P. 23(b)(3). (Dkt. No. 71.) Defendants subsequently moved the Court to reconsider that decision. (Dkt. No. 72.) The Court ordered Plaintiffs to respond to Defendants' briefing and heard oral argument from the parties. (Dkt. Nos. 92–95.)

II. **DISCUSSION**

Rule 23(a)(1) requires that a class be sufficiently numerous to justify certification. Fed. R. Civ. P. 23(a)(1). Rule 23(b)(3) "requires the Court to determine whether class treatment is

ORDER GRANTING MOTION FOR
RECONSIDERATION AND DECERTIFYING
CLASS
PAGE - 1

'superior.'" *Weigele v. FedEx Ground Package Sys., Inc.*, 267 F.R.D. 614, 623 (S.D. Cal. 2010). The Court is now persuaded that Plaintiffs have failed to meet both of these requirements.

At the hearing, Defendants argued that Plaintiffs' class may contain as few as nineteen members. The Court finds that Defendants have provided compelling support for this argument, (Dkt. No. 72 at 5–6), and that Plaintiffs' response was unpersuasive. (Dkt. No. 93 at 5–8.)

Judge Robart of this Court has previously held that a class of seventeen would be "a jurisprudential rarity." *Estate of Felts v. Genworth Life Ins. Co.*, 250 F.R.D. 512, 520 (W.D. Wash. 2008). Although the Court previously found that a class of thirty-two members was sufficiently numerous, (Dkt. No. 71 at 10, 12), this was nonetheless on the low end of acceptability. *See Gen. Tel. Co. of the Nw. v. Equal Employment Opportunity Comm'n*, 446 U.S. 318, 330 n.14 (1980) (collecting cases in which class certification was denied for failure to meet the numerosity requirement). It is therefore concerning that Plaintiffs' class may contain only nineteen members.

Nonetheless, the "critical inquiry" is the practicality of joinder, rather than the "absolute size of the class." *Estate of Felts*, 250 F.R.D. at 520. But here, too, the Court's assessment must change. Given that the class now appears to be far smaller than the Court previously believed, it is clear that joinder would no longer be impracticable—as it must to justify class status. Fed. R. Civ. P. 23(a)(3). Instead, the Court finds that, as in *Estate of Felts*, because there are records identifying potential class members, (Dkt. No. 60 at 1), "joinder is more practical." 250 F.R.D. at 520.

But not only is it more practical, joinder also appears to be the superior method of managing this litigation. Under Rule 23(b)(3), courts must consider "the likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3). "The trial judge has broad discretion in making this determination." *Kamm v. California City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975).

In granting certification, the Court held that this matter merited class treatment. But the Court's holding was predicated on the parties submitting a manageable trial plan. (Dkt. No. 71 at

ORDER GRANTING MOTION FOR
RECONSIDERATION AND DECERTIFYING
CLASS
PAGE - 2

41) (ordering the parties to submit "a joint memorandum containing the details of their proposed bifurcated trial structure"). Having since reviewed the parties' proposed trial plans, (Dkt. Nos. 73, 82, and 83), the Court now finds that "given all of the individual issues that must be litigated in this matter, trial administration would be overwhelming." *See Weigele*, 267 F.R.D. 614, 625 (S.D. Cal. 2010) (decertifying class due to the "logistical difficulties and uncertainty" created by the plaintiffs' proposed trial plan). Indeed, there may well be complex individual issues for every potential class member. (Dkt. No. 73 at 5–10.) Coupled with Plaintiffs' small class size, this weighs heavily in favor of decertification.

The Court is empowered to decertify when it finds that a class no longer meets the requirements of Rule 23. Fed. R. Civ. P. 23(c)(1)(C); *see also Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*, 688 F.2d 615, 633 (9th Cir. 1982) ("[B]efore entry of a final judgment on the merits, a district court's order respecting class status is not final or irrevocable, but rather, it is inherently tentative."). The decision to decertify is discretionary. *Marlo v. United Parcel Serv., Inc.*, 639 F.3d 942, 946 (9th Cir. 2011). Given the size of Plaintiffs' class and the Court's conclusion that proceeding via joinder would be superior, the Court exercises its discretion and decertifies the class.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion for reconsideration (Dkt. No. 72) is GRANTED. The Court DECERTIFIES the class.

DATED this 3rd day of May 2016.

John C. Coughenour
UNITED STATES DISTRICT JUDGE