1

THE HONORABLE JOHN C. COUGHENOUR

2

3

4

5

6

7

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

8

LEONARD ROLLINS, et al.,

9
                                 Plaintiffs,

NO.  2:14-cv-1414-JCC

10              vs.

**PLAINTIFFS' RESPONSE TO**
**DEFENDANTS' MOTION FOR**
**PROTECTIVE ORDER TO STAY**
**DISCOVERY**

11

TRAYLOR BROS., INC., and
TRAYLOR/FRONTIER-KEMPER JV,

12
                                 Defendants.

13

**NOTE ON MOTION CALENDAR:**
**June 24, 2016**

14

15

### I.      INTRODUCTION

16

Defendants request that no further depositions occur until the deadline for joinder of

17

parties has passed.  Dkt. No. 180-1 (Proposed Order).  Scheduling depositions in this matter

18

took well over five months and over twenty e-mails from Plaintiffs' counsel since December

19

2015.  Declaration of Beth Touschner in Support of Plaintiffs' Response to Defendants' Motion

20

for Protective Order ("Touschner Decl."), Exh. 1 and 2.  Defendants want to avoid repeated

21

depositions, and avoid being caught unprepared.  Plaintiffs oppose this motion due to delay.

22

Moreover, there is no prejudice articulated.  Defendants argue they need to know who is

23

a Plaintiff, but any required preparation would not be affected by the status of any former class

24

member who might be added as a Plaintiff.  All former class members are potential witnesses,

25

with testimony likely relevant to illegal motive, whether or not they become a party.

**PLAINTIFFS' RESPONSE TO**
**DEFENDANTS' MOTION FOR**
**PROTECTIVE ORDER TO STAY**
**DISCOVERY - 2:14-cv-1414 JCC - 1**

**Teller & Associates, PLLC**
1139 34th Ave, Suite B
Seattle, WA  98122
(206) 324-8969   Fax: 860-3172

## II.    STATEMENT OF RELEVANT FACTS

Plaintiffs sought settlement discussions when there were only a few potential parties, and in order to facilitate early resolution, obtained a tolling agreement with Defendants on June 13, 2014.  Dkt. No. 106-2 at p. 2.  When those discussions were unsuccessful, the case was filed September 13, 2014.  Dkt. No. 1.  The parties then litigated the issue of class certification, which was originally granted, but ultimately decertified on May 3, 2016.  Dkt. Nos. 71, 99.

Defendants conducted depositions of the Named Plaintiffs and other potential claimants before the class certification decision.  Touschner Decl., ¶ 4.  In total, Defendants took the depositions of ten former Named Plaintiffs or class members, and the deposition of Plaintiffs' expert witness, Dr. Paul Torelli, during summer 2015.  *Id.*

Anticipating that the litigation would continue whether or not class certification was obtained, and not wanting to delay the case any further since discovery was well underway, Plaintiffs began seeking deposition dates for a few key witnesses employed by the Defendants.  Touschner Decl., ¶ 5.  E-mail communications, phone calls, and in-person conversations for scheduling purposes began on December 8, 2015, and continued through the filing of this Response.  Touschner Decl., ¶ 6, Exh. 1 and 2.  Deposition notices, and then amended notices, were sent to accommodate Defendants' counsel and Defendants' managers' schedules.  Touschner Decl., ¶ 7.  After many months of attempting to schedule Defendants' managers' depositions, six depositions were noted and two depositions remained unscheduled with potential dates in July and August proposed on numerous occasions.  Touschner Decl., ¶ 8.

Following the depositions of managers Tony Traylor and Michael Krulc, Defendants filed the instant motion.  Touschner Decl., ¶ 9.  The depositions of Superintendents John Hook and Wayne Wolff are scheduled during the pendency of the Motion.  *Id.* at ¶ 10.  Following the noting date for the Motion, depositions of Walker/Manager Al Brown and Superintendent Bert

**PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION FOR
PROTECTIVE ORDER TO STAY
DISCOVERY - 2:14-cv-1414 JCC - 2**

**Teller & Associates, PLLC**
1139 34th Ave, Suite B
Seattle, WA  98122
(206) 324-8969  Fax: 860-3172

1    Dore are scheduled.[1]  *Id.* at ¶ 11.  Two more former managers for Defendants are proving even

2    harder to depose, in part because both are not currently employed by Defendants and are out of

3    state.  *Id.* at ¶ 13.  Plaintiffs have been trying to set up depositions of Equal Employment Officer

4    Jeremy Saperia and Walker/Manager John Scott Stilson unsuccessfully for over six months.  *Id*.

5           The vast majority of the written documents produced in this case by the parties, and by

6    third party agencies, were produced in the first half of 2015, before the Motion for Class

7    Certification.  Touschner Decl., ¶ 14.

8           In addition to setting the depositions of Defendants' managers, Plaintiffs anticipate noting

9    the depositions of non-party witnesses in the near future.  Touschner Decl., ¶ 15.

### III.    AUTHORITY OF LAW

11          "After a showing of good cause, the district court may issue any protective order 'which

12   justice requires to protect a party or person from annoyance, embarrassment, oppression, or

13   undue burden or expense,' including any order prohibiting the requested discovery altogether,

14   limiting the scope of the discovery, or fixing the terms of disclosure."  *Rivera v. NIBCO, Inc.*,

15   364 F.3d 1057, 1063 (9th Cir. 2004) (citing Fed. R. Civ. P. 26(c)).  "The burden is upon the

16   party seeking the order to 'show good cause' by demonstrating harm or prejudice that will result

17   from the discovery."  *Id.* (citing *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307

18   F.3d 1206, 1210–11 (9th Cir.2002)).  It is not enough to argue that the depositions currently

19   planned create a burden for Defendants, that "burden must be 'undue' in order to justify the

20   protective order."  *Id.* at 1066.  Defendants failed to meet their burden of showing good cause to

21   stay discovery.

22

23   _____

24   [1] On June 22, 2016, Defendants indicated the need to cancel and reschedule the deposition of Superintendent Bert Dore, currently noted for June 30.  Touschner Decl., ¶ 12.  As of this filing, no explanation as to the reason for cancellation was given either in person during Mr. Wolff's deposition or in email.  *Id.*  However, Defendants'

25   counsel indicated that if the Motion is granted, they will not move forward with the two other planned depositions. Touschner Decl., Exh. 2.

**PLAINTIFFS' RESPONSE TO**
**DEFENDANTS' MOTION FOR**
**PROTECTIVE ORDER TO STAY**
**DISCOVERY - 2:14-cv-1414 JCC - 3**

**Teller & Associates, PLLC**
1139 34th Ave, Suite B
Seattle, WA  98122
(206) 324-8969   Fax: 860-3172

1    Defendants' primary stated concern is that their managers will be surprised and

2  unprepared for questions at deposition. Defendants' managers deposed to-date have indicated

3  they are spending upwards of seven to ten hours with counsel in preparation for their

4  depositions. Touschner Decl., ¶ 16. Defendants also wish to avoid multiple depositions of their

5  managers. Plaintiffs, on the other hand, wish to avoid further delays in a case that was filed

6  almost two years ago.

7    Defendants' concerns are not well-founded. Their managers' actions towards any

8  potential employee, whether black or white, or whether a plaintiff, a comparator, a harasser, or

9  another manager, are fair game, as each of them is a potential witness or comparator, whether or

10  not they become a Plaintiff. Additionally, evidence of treatment of other workers is relevant to

11  illegal motive, an element of multiple claims in this matter.

12    Plaintiffs prepared for and defended eleven depositions noted by Defendants last summer.

13  Here, Plaintiffs seek to take the depositions of eight key managers in this case, and Defendants

14  have been on notice of the plan to take these depositions since at least December 8, 2015.

15    Although there is currently no case schedule or joinder deadline in place, this case was

16  filed over a year and a half ago, thousands of pages of written discovery were exchanged,

17  primarily in early 2015, and 15 depositions have been taken to-date. There is no reason to

18  further delay the depositions that Plaintiffs have worked for months to schedule. Additionally,

19  Plaintiffs intend to take the depositions of numerous non-party, non-manager witnesses in the

20  near future. A stay would unnecessarily and arbitrarily limit Plaintiffs' ability to conduct

21  discovery in this case.

22    Defendants wish to avoid multiple depositions of their managers. This problem has not

23  yet arisen. Should it become clear that another deposition needs to be taken, Plaintiffs would

24  need to show good cause why that is appropriate.

25

**PLAINTIFFS' RESPONSE TO
DEFENDANTS' MOTION FOR
PROTECTIVE ORDER TO STAY
DISCOVERY - 2:14-cv-1414 JCC - 4**

**Teller & Associates, PLLC**
1139 34th Ave, Suite B
Seattle, WA  98122
(206) 324-8969  Fax: 860-3172

## IV.   CONCLUSION

Plaintiffs respectfully request that the Court deny Defendants' Motion for Protective Order because no good cause exists to stay discovery in a case where discovery has been ongoing since the filing of the Complaint in September 2014 and where it has taken Plaintiffs over six months to secure the presence of Defendants' managers for depositions in this case.

DATED this 22nd day of June, 2016.

By:   */s/Gregory A. Hitzel*
By:   */s/Elizabeth Touschner*
By:   */s/ Stephen Teller*
Stephen Teller, WSBA #23372
Gregory A Hitzel, WSBA #39348
Elizabeth Touschner, WSBA # 41062
Teller & Associates, PLLC
Attorney for Plaintiffs

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY - 2:14-cv-1414 JCC - 5**

**Teller & Associates, PLLC**
1139 34th Ave, Suite B
Seattle, WA  98122
(206) 324-8969   Fax: 860-3172

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of June, 2016, I caused to be electronically filed the foregoing **PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY** with the Clerk of the Court using the CM/ECF system, and thereby sent notification of such filing to the Defendants through the following attorneys of record:

DEFENDANTS' COUNSEL

    Steven H. Winterbauer, WSBA No. 16468
    Kenneth J. Diamond, WSBA No. 27009
    WINTERBAUER & DIAMOND PLLC
    1200 Fifth Avenue, Suite 1700
    Seattle, WA 98101
    Telephone:  206-676-8440
    Fax:  206-676-8441
    Email:  mail@winterbauerdiamond.com
    Attorneys for Defendants Traylor Frontier-Kemper Joint Venture and Traylor Bros. Inc.

DATED this 22nd day of June, 2016.


_s/Beth Touschner_
Attorney for Plaintiff

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY - 2:14-cv-1414 JCC - 6**

**Teller & Associates, PLLC**
1139 34th Ave, Suite B
Seattle, WA  98122
(206) 324-8969   Fax: 860-3172