The Honorable John C. Coughenour

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

LEONARD ROLLINS, et al.,

                Plaintiffs,

    vs.

TRAYLOR BROS., INC., and
TRAYLOR/FRONTIER-KEMPER JV,

                Defendants.

NO.  2:14-cv-1414-JCC

**PLAINTIFFS' MOTION TO QUASH SUBPOENAS TO EMPLOYERS**

**NOTE ON MOTION CALENDAR:**
**March 31, 2017**

## I.    INTRODUCTION

Without advance notice, Defendants issued 16 subpoenas to possible employers in the Seattle area, with more to come.[1]  These subpoenas are overbroad in multiple ways, and may have an unnecessary chilling effect on future employment.  Defendants' counsel indicated all possible employers were included in the subpoena list if they were identified as either a pre-Traylor Bros. or post-Traylor Bros. workplace by any one or more Plaintiff(s).   Teller Declaration at ¶3.  Each subpoena seeks all records associated with each of the 20 Plaintiffs, with no date restrictions.  Exh. A contains the subpoenas and the "advance notice" e-mail sent at the same time.  Defendants' overbroad "shotgun" approach means they issued subpoenas for records they *know* the recipient employers will not have.   Additionally, the failure to give advance notice violates Rule 45.  Finally, personal identifying information was unnecessarily distributed.  Substantively, the subpoenas are significantly overbroad, in multiple ways.

---

[1]  Although requested, no further information has been forthcoming about these additional planned subpoenas.

**PLAINTIFFS' MOTION TO QUASH**
**SUBPOENAS TO EMPLOYERS - 1**
**2:14-cv-1414- JCC**

**Teller & Associates, PLLC**
1139 34th Ave, Suite B
Seattle, WA  98122
(206) 324-8969  Fax: 860-3172

First, they are overbroad because they seek all records, even though only limited types of records have any bearing.  Second, they are without any time limitation, even though the justifications for demanding documents are time-limited, e.g., any relevance to mitigation would apply only after employment at Traylor Bros. ended.  Third, the proffered justifications do not warrant this invasion of privacy where, for example, regarding mitigation, Plaintiffs have already provided and agreed to provide tax records and union dispatch records.

Defendants also argue that claims of prior experience by some Plaintiffs, which were made in applications and depositions, should be tested by sending subpoenas to *all* employers. Assuming the argument is valid, targeted subpoenas should still be limited to pre-employment time frames, and to workplaces where Plaintiffs actually claimed they had experience, not this "shotgun" approach to all employers any Plaintiff ever identified.

The lack of advance notice (and refusal to withdraw the overbroad subpoenas) required Plaintiffs' counsel to issue letters informing the employers that they should not respond, wasting counsel's time.  Plaintiffs ask the Court to quash the subpoenas, with adequate direction to Defendants regarding advance notice and specificity of subpoenas that allow the appropriate scope of discovery to be had.  This guidance is necessary as Defendants have indicated they intend to issue more of the same type of subpoenas.  Teller Declaration at ¶3.

## II.      RELEVANT FACTS

Defendants argue they need employment records from every place any Plaintiff ever worked because they need to test mitigation efforts, challenge prior experience claims, and to locate any patterns of employment issues, such as poor performance, tardiness, etc.  Plaintiffs take the position that this is a fishing expedition.  The subpoenas are vastly overbroad. Defendants were unwilling in CR 37 discussions to cure the failure of advance notice while they consider Plaintiff's arguments.  Teller Declaration at ¶4.

PLAINTIFFS' MOTION TO QUASH
SUBPOENAS TO EMPLOYERS - 2
2:14-cv-1414- JCC

**Teller & Associates, PLLC**
1139 34th Ave, Suite B
Seattle, WA  98122
(206) 324-8969  Fax: 860-3172

It is concerning that dates of birth and the last four digits of 20 Plaintiffs' social security numbers were distributed to employers (and their employees), most of whome have no legitimate reason to have that information, since the Defendants had no evidence that most of these employers had ever employed the majority or vast majority of the Plaintiffs whose identifying information was so broadly disclosed.

**A. Background Facts**

Plaintiffs worked for Defendants for varying periods of time.  Some applied for work and were "turned around" after being hired on dispatch.  They were paid for four hours, generally, and sent away.  These "turnaround" workers indicated in depositions and job applications that they had prior experience in tunnels and elsewhere.  Defendants appear to claim they were not qualified for the job of "laborer."

Other Plaintiffs were hired, worked for days or weeks, then fired for pretextual reasons and/or suffered disparate treatment from Caucasian workers similarly situated.  Almost uniformly they were fired for "Inability to Perform the Tasks Assigned to the Level of Competence Required by Management.  No Misconduct Involved."  See, e.g., Exh. B (layoff slip sample for Leonard Rollins).  The prior employment experience of is group has little relevance because Defendants did not make negative judgments about their abilities based on interviews.  Instead, Defendants allege they were fired because of their work quality, based on observations of the work.  Defendants argue the Subpoenas will result in relevant discovery because these workers may show patterns of behaviors at other employers which will tend to show action in conformity therewith at the Traylor worksite.  Teller Decl., at ¶6.

A third set of Plaintiffs were hired and worked for months, experiencing racial slurs and disparate treatment on the job.  There is simply no relevance of the prior experience levels of these "harassment" workers.  Many of these workers continued through nearly the end of the

**PLAINTIFFS' MOTION TO QUASH
SUBPOENAS TO EMPLOYERS - 3
2:14-cv-1414- JCC**

**Teller & Associates, PLLC**
1139 34th Ave, Suite B
Seattle, WA  98122
(206) 324-8969  Fax: 860-3172

project, or quit without constructive discharge, so there is generally also no relevance to mitigation evidence.

Some of the workers in each above-identified group were terminated, either by turn around or after a time of employment.  Not all are claiming lost wages.  For those workers claiming lost wages, there is an obligation to mitigate their damages by seeking other work.  For all such workers, tax returns, W-2's, and union dispatch records have been or are being provided.[2]  There is no need for additional "fishing" for mitigation purposes where tax returns and union dispatch records are available.

Finally, none of the Subpoenas is limited in any way as to time frame.  Each employer is asked about 20 Plaintiffs because one or more Plaintiffs named them in application or deposition.  The Subpoenas are not targeted to the arguable, limited legitimate purposes, and are therefore vastly overbroad.

### B. Issuance of the Subpoenas Without Advance Notice

Friday March 17, 2017, Defendants served by e-mail Exhibit A, which is an email containing attachments:  A cover letter allegedly providing advance notice, along with 16 subpoenas.[3]  Within an hour, Plaintiffs objected that the Subpoenas were overbroad, and that they should not be issued until there was an opportunity to discuss them.  Exhs. C-E (E-mail exchange beginning Friday March 17).  Defendants informed Plaintiffs that in fact they had already been sent to FedEx, despite the requirement of advance notice, but that Defendants would not take responsibility to recall them.[4]  *Id.*

---

[2]  A few workers did not retain tax returns, and Plaintiffs' counsel are obtaining them directly from the IRS.

[3]  Actually half the Subpoenas were attached to a second "part 2" e-mail with no other substance.

[4]  Defendants indicate that Plaintiffs have issued Subpoenas in this matter with similar advance notice, or less.  If so, it may be that Plaintiffs should be giving more notice and will do so in the future.  That does not cure the problem here.  Moreover, if nearly simultaneous notice and service did occur in those prior cases, then, if Defendants *had objected* to any of those Subpoenas, Plaintiffs would presumably have acted to halt them while the dispute was outstanding.  In other words, it appears to the undersigned that is not only the lack of adequate notice which matters, but more significantly the refusal to take action when the objection is lodged.  Guidance from the Court would be welcomed on the meaning of "advance notice."

**PLAINTIFFS' MOTION TO QUASH
SUBPOENAS TO EMPLOYERS - 4
2:14-cv-1414- JCC**

**Teller & Associates, PLLC**
1139 34th Ave, Suite B
Seattle, WA  98122
(206) 324-8969  Fax: 860-3172

Plaintiffs therefore identified addresses, phone and fax numbers where possible, and contacted the HR departments of these 16 employers to voice their objections.  Defendants were copied on the letters, which were sent by mail and fax.  Teller Decl. at ¶9.

### C.  Concerns regarding privacy and retaliation have been recognized in this case

The discrimination investigator hired by Sound Transit is Marcella Fleming Reed.  Her firm identified that some workers in this matter were concerned about retaliation.  Similarly, at the outset of the case, class members asserted concerns about retaliation by other employers. The Court recognized this concern in a prior Order.  Dkt. 71, at 10:24-12:10.

This "shotgun" approach, without advance notice to allow pre-issuance "meet and confer" or discovery motions practice, has the exact effect these workers feared.  In addition it improperly and overly broadly disclosed private identifying information to non-employers of these Plaintiffs.  Defendants' approach violated Rule 45 in letter and spirit, and may have caused harm.

### III.      AUTHORITY OF LAW

The Federal Rules of Civil Procedure, Rule 26(b) limits the scope of discovery to matters relevant to the subject matter involved in the action and reasonably calculated to lead to the discovery of admissible evidence. The trial court may also limit discovery if it determines "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive ...." CR 26(b)(1)(A).

The Rules also provide that "[u]pon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c). The trial court may order "that the discovery not be had" at all, or "that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters ...." Fed.R.Civ.P. 26(c)(1)(4).

PLAINTIFFS' MOTION TO QUASH
SUBPOENAS TO EMPLOYERS - 5
2:14-cv-1414- JCC

**Teller & Associates, PLLC**
1139 34th Ave, Suite B
Seattle, WA  98122
(206) 324-8969  Fax: 860-3172

**A.  Plaintiffs have privacy interests related to their employment and records thereof**

In *Woods* v. *Fresenius Medical Care Group of N.A.,* 2008 WL 151836, 2008 U.S. Dist. LEXIS 3756 (S.D. Ind. 2008), the plaintiff in a race discrimination sought to quash a subpoena to her former and current employers, arguing that she had a privacy interest in the documents sought in the subpoena and that the documents were irrelevant to the claims and defenses in the case. The court granted the plaintiff s motion to quash the subpoena. The court noted that the plaintiff had a "legitimate interest in protecting the confidentiality of much of the information contained in her employment records and also maintaining her relationship with her current employer." *Id.* *3. The court held that the plaintiff had put only her employment with the defendant at issue, not her work with any other employer:

> [A]n employment discrimination plaintiff does not open her entire work history up for discovery by the defendant as a matter of course; rather, the defendant must demonstrate a specific reason why the information is relevant to the particular claims and defenses in the case at hand. In other words, absent a showing that the subpoenas are reasonably calculated to lead to the discovery of admissible evidence, the Defendant is simply embarking on the proverbial fishing expedition, and the theoretical potential relevance of any information obtained by such discovery is outweighed by the interests of the plaintiff. ..

*Woods,* 2008 U.S. Dist. LEXIS 3756 *5 (emphasis added). The *Woods* court correctly held that there was no basis to allow the Defendant "fish[ing] around" to see what it might uncover. *Id.  See also Maxwell v. Health Center of Lake City,* No. 3:05-CV-1056-J-32MCR, 2006 WL 1627020 at *2 (M.D.Fla. June 6, 2006) (quashing subpoena because "Personnel files and records . . . are confidential in nature and . . . in most circumstances, they should be protected from wide dissemination.").

**B.  The Subpoenaed Records are Not Calculated to Lead to Admissible Evidence**

Records from Plaintiff's former employers are inadmissible as character evidence under Federal Rule of Evidence 404, and they are not relevant under any other rule. See, e.g., *Neuren v. Adduci, Mastriani, Meeks & Schill,* 43 F.3d 1507 (D.C. Cir. 1995) (holding that trial court's

**PLAINTIFFS' MOTION TO QUASH
SUBPOENAS TO EMPLOYERS - 6
2:14-cv-1414- JCC**

**Teller & Associates, PLLC**
1139 34th Ave, Suite B
Seattle, WA  98122
(206) 324-8969   Fax: 860-3172

admission of evidence of plaintiff's conduct at prior employer was error); *Singletary v. Sterling Transport Company, Inc.*, 2012 WL 5449687 (E.D.Va. 2012) ("the Court will not allow Defendant to search wholesale through Plaintiffs previous employment records without first demonstrating some legitimate, good faith basis for Plaintiffs lack of credibility. To hold otherwise would be to sanction 'virtually no limits on discovery once a party invokes the mantra of' credibility' as the basis for a discovery request.'''); *Sanders v. Dalcraft, LLC*, 2009 WL 1392602, at *2 ("Without some evidence to suggest that plaintiff was disciplined by her former employers for conduct similar to the reasons proffered by defendant for her termination, defendant is not entitled to these confidential employment records in hopes of uncovering some evidence that may possibly be used against plaintiff at trial"); *Premer v. Corestaff Servs., LP.*, 232 F .R.D. 692, 693 (M.D. Fla. 2005) (refusing to require production of employer's employment records pursuant to an over broad subpoena as overly intrusive and unnecessary where defendant failed to provide any reason to suspect the plaintiffs credibility); *Slipchenko v. Brunel Energy, Inc.*, 2013 WL 4677918, No. H-11-1465 (SD Texas 2013) ("The present record also fails to provide a sufficient basis to conclude that the broad categories of information sought about Slipchenko's employment history are relevant to her credibility").

In *Chamberlain* v. *Farmington Sav. Bank,* 2007 U.S. Dist. LEXIS 70376 (D. Conn. 2007), an age discrimination case, the defendant-employer contended that it terminated the plaintiff for performance reasons, and sought to serve subpoena on the plaintiff's former employers to obtain information pertaining to the plaintiff's performance history. The court noted that the performance information was "neither relevant nor admissible" for the purpose of showing that the plaintiff performed poorly in his position with the defendant, because it was the plaintiff's performance *with the defendant* that was at issue. As do the Defendants in this case, the defendant in *Chamberlain* sought the evidence of the plaintiff's performance history in order to show the plaintiff has a "propensity for certain performance deficiencies." The court

PLAINTIFFS' MOTION TO QUASH
SUBPOENAS TO EMPLOYERS - 7
2:14-cv-1414- JCC

**Teller & Associates, PLLC**
1139 34th Ave, Suite B
Seattle, WA 98122
(206) 324-8969  Fax: 860-3172

held that such evidence was specifically *inadmissible* under FRE 404(a). The court granted the plaintiff's motion to quash the subpoena. *See also Zubulake* v. *UBS,* 382 F.Supp.2d 536 (S.D. N.Y. 2005) (excluding evidence of performance with prior employer in sex discrimination case because inadmissible character evidence pursuant to FRE 404( a), and noting that "no matter how defendants try to frame their intended use - whether to rebut plaintiff s contention that she was not insubordinate and uncooperative or whether to prove that she was insubordinate and uncooperative outright - they are seeking to introduce inadmissible propensity evidence" and that none of the exceptions of FRE 404(b) applied); *Paananen* v. *Cellco P'ship,* 2009 U.S. Dist. LEXIS 130215, 2009 WL 2057048 at *7 (W.D. Wash. July 14,2009) ("Generally, employment records from separate employers are not discoverable due to their highly private nature absent a specific showing by a defendant as to their relevance."); *Bickleyv. Schneider Nat., Inc.,* F.Supp.2d. 2011 WL 1344195 at *3 (N.D. Ca. 2011) (the employee's personnel records and employment information were protected under both the state and federal constitutional right to privacy - "it could reasonably be inferred that Defendant's subpoenas were intended to harass Plaintiffs and constitute little more than an abuse of the discovery process"). Insofar as they seek evidence of misconduct (the real reason for these subpoenas), there is no valid basis for them.

Any information about Plaintiffs' subsequent employers and earnings potential has already been provided.  Tax records for most Plaintiffs (perhaps all, by the time this matter is heard) have been provided, and counsel is working to obtain the remaining few from the IRS directly.  Defendants are aware of this.  Teller Decl. at ¶8.  Union dispatch records have also been provided from Plaintiffs and by the Laborers and Cement Masons unions pursuant to other prior Subpoena(s).  The mitigation argument does not justify any subpoenas where other records have been provided, and certainly does not justify subpoenas to prior employers.

**PLAINTIFFS' MOTION TO QUASH
SUBPOENAS TO EMPLOYERS - 8
2:14-cv-1414- JCC**

**Teller & Associates, PLLC**
1139 34th Ave, Suite B
Seattle, WA  98122
(206) 324-8969  Fax: 860-3172

Defendants have not articulated any legitimate basis to demand these records, particularly in this overbroad manner.

C. **The subpoenas are overbroad, and constitute a "fishing expedition."**

The subpoenas in this case seek *all* documents concerning Plaintiffs in the possession of any prior employers and current employer of *any* Plaintiff. They command production of:

> the following documents, electronically stored information, or objects that *refer or relate directly or indirectly in any way to the following individuals* [List of 20 Plaintiffs] specifically including without limitation all documents that refer or relate to date(s) of dispatch, hire and separations; reasons for separation; positions and responsibilities; performance; and benefits and compensation. Responsive documents include but any not limited to: Job applications, personnel file(s), leave files, employee relations files, payroll records, benefits records, performance evaluations, discharge and discipline records, correspondence, memoranda, electronic mail, medical records, workers' compensation records, complaint files, grievance records, dispatch records, resumes, interview notes, contracts, and agreements.

Exh. A, at p. 5. In other words, Defendants make no effort to target the specific information which may be relevant to the claims in this case.

Courts have consistently held that requesting virtually all of a plaintiff's employment record is overly broad and thus improper. See, e.g., *Richards v. Convergys Corp.*, 2007 U.S. Dist. LEXIS 9131, 2007 WL 474012, at *4-5 (D. Utah Feb. 6,2007) (quashing overbroad subpoena duces tecum directed to the plaintiffs former employer that sought "all documents in your possession or control  regarding the employment of" the plaintiff); *Barrington v. Montage IT*, Inc., 2007 U.S. Dist. LEXIS 90555,2007 WL 4370647, *2 (S. D. Fla. 2007) (holding that records from former employers had no relevance to issues in case and quashing subpoena requesting all employment documents as overly broad); *Lewin v. Nackard Bottling Co.*, 2010 U.S. Dist. LEXIS 123738,2010 WL 4607402, at *1 (D. Ariz. Nov. 4, 2010) (quashing subpoena requesting plaintiffs complete personnel records from former employers as over broad);

PLAINTIFFS' MOTION TO QUASH
SUBPOENAS TO EMPLOYERS - 9
2:14-cv-1414- JCC

**Teller & Associates, PLLC**
1139 34th Ave, Suite B
Seattle, WA  98122
(206) 324-8969  Fax: 860-3172

1    *Maxwell v. Health Ctr. of Lake City, Inc.*, 3:05-CV-1056-J-32MCR, 2006 U.S. Dist. LEXIS
2    36774, 2006 WL 1627020, at *3 (M.D. Fla. June 6, 2006) (same).

3        The Defendant apparently believes that it may request virtually any information about
4    Plaintiffs under the pretext that there may be some evidence possessed by a former employer or
5    current employer which it might find useful.  "District courts need not condone the use of
6    discovery to engage in 'fishing expedition[s] …." *Rivera* v. *Nibco, Inc,* 364 F. 3d 1057, 1072
7    (9th Cir. 2004). *See also Cuomo* v. *Clearing House Ass'n, LLC,* 129 S.Ct. 2710, 2719
8    (2009)("Judges are trusted to prevent 'fishing expeditions' or an undirected rummaging through
9    bank books and records for evidence of some unknown wrongdoing"); . . *Bartholomew* v. *Unum
10   Life Ins. Co.,* 579 F. Supp. 2d 1339, 1342 (WD Wash. 2008)(J. Pechman) ("Further damaging
11   Plaintiffs position here is that in the final analysis her discovery request is little more than a
12   fishing expedition"); *Johnson* v. *US Bancorp, Dist. Court,* C 11-020 1 0 RAJ (WD Wash. 20
13   12)("discovery should not be used as a means to conduct a 'fishing expedition,' …. "); *Inst. for
14   Wildlife Prot.* v. *Norton,* 337 F. Supp. 2d 1223,1226 (WD. Wash. 2004) ("[D]iscovery may not
15   be used to conduct a fishing expedition in hopes that some fact supporting an allegation will be
16   uncovered").

17       The court should "not … condone the use of discovery to pursue a vague hope that some
18   deleterious or illegal conduct will be uncovered." *Kearney v. Boeing*, No. 14-1011 RSL, Dkt
19   24, p. 2 (W.D. Wash. 7/7/15) ("Defendant may not, however, engage in a fishing expedition
20   seeking evidence of other, unknown, and unsuspected malfeasance in plaintiff's employment
21   records.")  This "shotgun" approach is not reasonably calculated to lead to discovery, but rather
22   is blasted out in hopes of obtaining some damning record from *somewhere*.  It should not be
23   condoned.

24       **D.  Failure to Comply with Rule 45**

25       Fed.R.Civ.P. 45(a)(4) requires advance notice:

**PLAINTIFFS' MOTION TO QUASH
SUBPOENAS TO EMPLOYERS - 10
2:14-cv-1414- JCC**

*Teller & Associates, PLLC*
1139 34th Ave, Suite B
Seattle, WA  98122
(206) 324-8969  Fax: 860-3172

*Notice to Other Parties Before Service.* If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, *then before it is served on the person to whom it is directed*, a notice and a copy of the subpoena must be served on each party.

Defendants issued the subpoenas and set them out for service around the same time as counsel e-mailed them to Plaintiffs.  Exh. C.  Plaintiffs' counsel quickly responded, expressing objection, but was informed that the subpoenas had already been issued.  Further, despite the objection, Defendants made no effort to delay, stop service, or withdraw the Subpoenas.  This conduct violates the letter and/or spirit of the advance notice requirement.

If Defendants had acted reasonably, they would have given notice adequate to consider Plaintiffs' objections before service (at least a few hours or days), or would have called back the Subpoenas after issuance and before service because of Plaintiffs' objections, so that the concerns could be addressed and resolved or the Court could rule.  Instead, they went ahead with costly service and required Plaintiffs' counsel to waste time contacting recipients.  Further, service without withdrawing the Subpoenas had the chilling or retaliation-producing effect that Plaintiffs' feared.  Counsel indicated it has also had the intended effect, in that about a third of the employers have responded already as of this writing.  This practice means there was no advance notice.

The Court should consider whether terms or a sanction is appropriate, and give guidance on the practical meaning of "advance notice" in Rule 45.

### IV.    CONCLUSION

Plaintiff's Motion to Quash the subpoenas should be granted.  They are vastly overbroad, and not reasonably calculated to lead to the discovery of admissible evidence as well as duplicative of discovery already obtained regarding mitigation.  As such they are harassing to the Plaintiffs where Plaintiffs have already expressed fears of retaliation by other parties for pursuing this matter.

1

2

3

4

   Given that the Defendants indicated their intention to issue additional similar subpoenas,

guidance from the Court would be valuable regarding what process is appropriate, and whether

Defendants need to more narrowly target the subpoenas to avoid causing employment problems

or burdening third parties.

5

6

7   DATED this 23rd day of March, 2017.

8   By: ___/s/Gregory A. Hitzel_____
9   By: ___/s/ Stephen Teller_____
    By: ___/s/Beth Touschner_____
10  Stephen Teller, WSBA #23372
    Gregory A Hitzel, WSBA #39348
11  Beth Touschner, WSBA #41062
    Teller & Associates, PLLC
12  Attorney for Plaintiffs

13

14

15

16

17

18

19

20

21

22

23

24

25

**PLAINTIFFS' MOTION TO QUASH
SUBPOENAS TO EMPLOYERS - 12
2:14-cv-1414- JCC**

**Teller & Associates, PLLC**
1139 34th Ave, Suite B
Seattle, WA  98122
(206) 324-8969  Fax: 860-3172

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of March, 2017, I caused to be electronically filed the foregoing PLAINTIFFS' MOTION TO QUASH SUBPOENAS TO EMPLOYERS with the Clerk of the Court using the CM/ECF system, and thereby sent notification of such filing to the Defendant through the following attorneys of record:

**DEFENDANTS' COUNSEL**

Steven H. Winterbauer, WSBA No. 16468
WINTERBAUER & DIAMOND PLLC
1200 Fifth Avenue, Suite 1700
Seattle, WA 98101
Telephone:  206-676-8440
Fax:  206-676-8441
Email:  mail@winterbauerdiamond.com, Steven@winterbauerdiamond.com,
Ken@winterbauerdiamond.com, and Bonnie@winterbauerdiamond.com.
Attorneys for Defendants Traylor Frontier-Kemper Joint Venture and Traylor Bros. Inc.

**PLAINTIFF'S COUNSEL FOR JASON HAMILTON**

Charles Stuart Hamilton III
Law Office of Charles S. Hamilton III
7016 35th Ave NE
Seattle, WA  98115-5917
Telephone:  (206) 623-6619
Fax:  (206) 448-0573
Email:  hamiltoncharlesiii@gmail.com

**PLAINTIFFS' COUNSEL FOR WATKINS AND PEARSON**

George H. Luhrs
LAW OFFICE OF GEORGE H. LUHRS
701 Fifth Avenue, Suite 4600
Seattle, WA 98104
Phone (206) 632-1100
Cell 206-718-5857
Fax (206) 260-3177
Email: Luhrsgh@gmail.com

Robert H. Fulton
Fulton Law PLLC
601 Union St., Ste. 4200
Seattle, WA  98101
Phone (206) 652-3260
Fax (206) 629-2184
Email:  Robert@fultonlawpllc.com

DATED this 23rd day of March, 2017.

_____
Gregory A. Hitzel

PLAINTIFFS' MOTION TO QUASH
SUBPOENAS TO EMPLOYERS - 13
2:14-cv-1414- JCC

**Teller & Associates, PLLC**
1139 34th Ave, Suite B
Seattle, WA 98122
(206) 324-8969  Fax: 860-3172