UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEONARD ROLLINS, *et al.*, | CASE NO. C14-1414-JCC |
| Plaintiffs, | ORDER |
| v. | |
| TRAYLOR BROS INC, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Defendant's motion to continue trial (Dkt. No. 180). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS IN PART the motion for the reasons explained herein.

## I. BACKGROUND

The Court has stated the factual background of this case in prior orders and they will not be repeated here. Of relevance, however are (1) the complaint was filed on September 13, 2014, (2) there are 20 Plaintiffs, and 19 of them have been deposed, (3) the current discovery deadline is June 23, 2017, (4) the current dispositive motion deadline is July 24, 2017, and (5) trial is set for October 23, 2017.

//
//

## II. DISCUSSION

### A. Legal Standard

Case schedules may be modified for "good cause." Fed. R. Civ. P. 16(b)(4); Local Civ. R. 16(b)(4). "Mere failure to complete discovery within the time allowed does not constitute good cause." Local Civ. R. 16(b)(4). Whether to grant or deny a continuance of trial is at the discretion of the Court. *Rios-Barrios v. I.N.S.*, 776 F.2d 859, 862–63 (9th Cir. 1985). When considering the propriety of a continuance, a court should consider four factors: (1) the diligence in preparing for trial of the party seeking a continuance; (2) the need for a continuance; (3) the inconvenience to the opposing party, the witnesses, and the Court; and (4) the hardship a denial of a continuance would cause the defendant. *United States v. 2.61 Acres of Land*, 791 F.2d 666, 670–71 (9th Cir. 1986).

### B. Analysis

#### 1. Diligence in preparing for trial

The original 40 class members were identified in July 2015. (Dkt. No. 60-1 at 2.) Between then and July 2016, 19 of the 20 current Plaintiffs were joined and all remaining claims were filed. (Dkt. Nos. 29, 35, 77, 78, and 124.) Plaintiff Hamilton was the last to join in September 2016. (Dkt. No. 142.) Defendants moved to stay depositions until the last day to join parties; the Court denied that motion. (Dkt. Nos. 108 and 134.) Defendants did not issue written discovery to the new Plaintiffs until October 25, 2016. (Dkt. No. 187 at 2.) Depositions did not begin until the middle of December 2016. (*Id.*) Plaintiffs' assertion of privilege as to healthcare records dates back to February 6, 2015. (Dkt. No. 187-1.) Defendants only recently sought medical records. (*See* Dkt. No. 166 at 1.) Finally, Defendants recently issued subpoenas that were clearly overbroad, which required a motion to quash, and delayed progression of the litigation. (Dkt. Nos. 164 and 196.) The first factor does not weigh in favor of granting a continuance.

//

### 2. The need for a continuance

Defendants claim they have significant amounts of discovery to complete and that multiple motions to compel may be needed. (Dkt. No. 180 at 4–8.) While this may be true, 19 of the 20 Plaintiffs have already been deposed. Defendants have also indicated that they plan to file multiple summary judgment motions.[1] (*Id.* at 2.) Finally, Defendants maintain they need more time to explore settlement with each individual Plaintiff. (*Id.*) Trial is currently set for over three years from the date of the initial complaint. The second factor weighs in favor of a continuance only to the extent that it will facilitate the completion of discovery and settlement discussions.

### 3. Inconvenience to opposing parties, witnesses, and the Court

The first Equal Employment Opportunity Commission (EEOC) complaint was filed over six years ago. (Dkt. No. 186 at 1.) Plaintiffs brought suit in 2014. (Dkt. No. 1.) This case has carried on long enough and both Plaintiffs and Defendants deserve a timely resolution. This factor does not weigh in favor of a continuance.

### 4. Hardship to Defendants

Defendants have had ample time to prepare this case for trial. Most of the hardship to Defendants in denying a continuance is attributable to a lack of diligence. This factor does not weigh in favor of a continuance.

## III. CONCLUSION

On the whole, the factors identified in *2.61 Acres of Land* do not warrant a continuance in this case. However, in the interest of completing discovery and facilitating potential settlement negotiations, the Court finds good cause to continue trial, although not to February 20, 2018, as requested by Defendants. For the foregoing reasons, Defendants' motion to continue trial (Dkt.

---

[1] The Court would remind the parties that discovery motions are disfavored and encourages the parties to work any discovery issues out amongst themselves. Further, should a motion for summary judgment be necessary, the Court encourages the parties to request additional pages and submit an omnibus motion, as opposed to multiple, separate motions.

No. 180) is GRANTED IN PART. Trial is continued from October 23, 2017 to November 27, 2017. The discovery cutoff is changed from June 23, 2017 to July 21, 2017. The dispositive motion filing deadline is changed from July 24, 2017 to August 21, 2017. The Court sets a mediation deadline of October 20, 2017.

DATED this 19th day of May, 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 4