THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LEONARD ROLLINS, *et al.*,

    Plaintiffs,

v.

TRAYLOR BROS. INC., *et al.*,

    Defendants.

CASE NO. C14-1414-JCC

ORDER

This matter comes before the Court on Defendants' motion for protective order (Dkt. No. 201) and motion to quash subpoena regarding Ethical Advocate (Dkt. No. 204). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for protective order and GRANTS IN PART and DENIES IN PART the motion to quash subpoena for the reasons explained herein.

The underlying facts of this case are well known and will not be repeated here. In response to a discovery request, Defendants produced complaints of race discrimination, race harassment, and/or retaliation made in the context of the U220 Project. (Dkt. No. 206.) Defendant also produced other claims made from January1, 2010 to the present in the context of any other Traylor project on which one of the U220 supervisors or managers worked. (*Id.*) Defendants produced a complaint made in August 2015 against Doug Payne as part of the Blue Plains Project in Washington, D.C. (Dkt. No. 206-2.) This complaint was made through Ethical

Advocate, a third party hired by Defendants to handle complaints anonymously, so that employees could make them without fear of retribution. (Dkt. No. 194.)

Plaintiffs then sought via interrogatory and request for production a complete roster of each employee of the Blue Plains Project, including contact information. (Dkt. No. 202-3.) Defendants now move for a protective order, arguing that the roster is not proportional to the needs of the case. The Court agrees. Accordingly, Defendants' motion for a protective order (Dkt. No. 201) is GRANTED. Specifically, Defendants do not have to respond to interrogatory 14 and request for production 2.3. (*See* Dkt. No. 202-3.)

Plaintiffs also sent a subpoena to Ethical Advocates, Defendants' third-party complaint administrator, seeking:

> All documents concerning complaints of discrimination on any Traylor Bros. Inc. project including any joint venture (e.g., Traylor Frontier Kemper), including but not limited to, complaints, communications with the complainant, communications with representatives of Traylor Bros. Inc. about a complaint, and any documentation discussing the resolution, if any, of a complaint.

(Dkt. No. 206.) Defendants argue that this subpoena is overbroad and disproportional to the needs of the case, particularly considering that the Court already ordered Defendants to produce all documents relating to complaints of race discrimination and retaliation at Defendants' projects involving the same managers. (Dkt. No. 204 at 1, 4; Dkt. No. 155.)

Plaintiffs maintain that this information is necessary to support punitive damages and show illegal motive of upper management. (Dkt. No. 210 at 2–4.) While the Court agrees that complaints involving race discrimination and retaliation are relevant to illegal motive and punitive damages, Plaintiffs' subpoena is overbroad. Accordingly, Defendants' motion to quash subpoena (Dkt. No. 204) is GRANTED IN PART and DENIED IN PART. Plaintiffs are permitted to subpoena Ethical Advocates only for complaints of race discrimination, harassment, and retaliation.

//
//

1 | DATED this 15th day of June, 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE