THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LEONARD ROLLINS, *et al.*,

Plaintiffs,

v.

TRAYLOR BROS INC, *et al.*,

Defendants.

CASE NO. C14-1414-JCC

ORDER

This matter comes before the Court on Plaintiffs' Motion for Sanctions – to Strike "Privilege" Objections and for other terms. (Dkt. Nos. 222 and 224.) Having reviewed the Plaintiffs' Motion, and all supporting documentation, the Defendants' response (Dkt. No. 226), the Plaintiffs' reply (Dkt. No. 230), and the record in this matter, and having considered lesser sanctions, the Court hereby GRANTS Plaintiffs' Motion as detailed below.

Plaintiffs have been prejudiced by the late disclosure and non-disclosure of e-mails. Defendants have not provided justification, other than inexcusable neglect, for the failure to disclose and/or timely disclose. Defendants have admitted in Response that errors were made and have taken reasonable steps to correct them, and the Court hereby approves the agreement between the parties and incorporates it into this Order and otherwise ORDERS as follows:

1) Defendants will pay Plaintiffs' counsel's reasonable fees for consequences of the error, including the costs of bringing this motion, deposing Mr. Lamb, and conferring

on the issues referenced in the motion.[1]

2) Defendants shall review the archive copy of e-mails maintained for this litigation and produce all non-privileged items not previously produced; produce a privilege log for all truly privileged items; and, in addition, shall re-review all prior privilege log items and disclose all non-privileged e-mails, within ten days of this Order.

3) If, as a result of the above, Plaintiffs obtain additional information, they may depose or re-depose participants in the e-mail exchanges, and with costs but not attorney fees at Defendants' expense.

4) Plaintiffs may re-depose Chad Lamb under Rule 30(b)(6) at Defendants' expense and without the assertion of privilege by Defendants, except privilege may be asserted over any actually privileged content of e-mails to or from counsel.

5) At least one relevant e-mail related to Exhibit D to the Hitzel Declaration was requested in discovery and has been lost through no fault of Defendants' counsel.

6) The discovery cutoff is hereby extended for Plaintiffs for 45 days for depositions by Plaintiffs which are associated with this motion and the agreements of counsel.

For the foregoing reasons, Plaintiff's motion for sanctions (Dkt. Nos. 222 and 224) is GRANTED.

DATED this 29th day of June, 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] Defense counsel has already provided Plaintiffs' counsel a check in the amount of $22,011.76. (Dkt. No. 226 at 2; Dkt. No. 227-1.)